UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALVIN ELZY | CIVIL ACTION |
| VERSUS | NO. 11-964 |
| STATE OF LOUISIANA | SECTION "A"(3) |

**REPORT AND RECOMMENDATION**

Plaintiff, Alvin Elzy, a state inmate, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. The State of Louisiana is named as the sole defendant. In this lawsuit, plaintiff claims that he was wrongly convicted of attempted aggravated rape.[1] As relief, he requests that the Court invalidate and expunge his conviction and sentence, order him released from both incarceration and the requirement that he register as a sex offender, and award him $100,000.00 in damages.

I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

---

[1] In the early 1980s in Orleans Parish Criminal District Court, plaintiff was convicted of attempted aggravated rape and sentenced to a term of twenty-five years imprisonment. That conviction and sentence were affirmed by the Louisiana Fourth Circuit Court of Appeal. State v. Elzy, 451 So.2d 1167 (La. App. 4th Cir. 1984).

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the undersigned finds that plaintiff's federal civil rights claims should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant immune from such relief.

## II. *Habeas Corpus*

Although plaintiff filed this action on a form to be used by prisoners seeking relief pursuant to 42 U.S.C. § 1983, he is challenging the validity of his state conviction and sentence. If he is still incarcerated based on that conviction,[3] § 1983 is not a proper vehicle to seek his release; rather, he must file a *habeas corpus* petition pursuant to 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475,

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3] It is unclear from the complaint whether plaintiff is incarcerated based on his conviction for aggravated attempted rape or on some new charge.

500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." ); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994). Moreover, it would be futile to construe the complaint in part as a § 2254 petition, because plaintiff has already filed a prior petition challenging that conviction, and federal *habeas corpus* relief was denied on the merits. Elzy v. Blackburn, Civ. Action No. 85-4972, 1986 WL 14786 (E.D. La. Dec. 22, 1986).[4] Therefore, he must obtain permission from the United States Fifth Circuit Court of Appeals before filing a "second or successive" § 2254 petition. 28 U.S.C. § 2244(b). He did not obtain such permission before filing the instant complaint.

### III.  § 1983 Claims

To the extent that petitioner is in fact seeking relief pursuant to 42 U.S.C. § 1983,[5] his claims fare no better for the following reasons.

---

[4] A second § 2254 petition was likewise unsuccessful. Elzy v. Butler, Civ. Action No. 88-651, 1988 WL 86790 (E.D. La. July 22, 1988).

[5] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

First, the State of Louisiana is named as the sole defendant in this lawsuit. However, a state is not a "person" subject to suit under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Laxey v. Louisiana Board of Trustees, 22 F.3d 621, 623 n.2 (5th Cir. 1994); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010). Further, in any event, any § 1983 claim against the state is also barred by the Eleventh Amendment. U.S. Const. amend. XI; Rodriguez v. Texas Commission on the Arts, 199 F.3d 279, 280 (5th Cir. 2000) ("Citizens may not bring suit against a state or any instrumentality thereof without the state's consent.").[6]

Second, even if plaintiff had named a proper defendant, *which he has not*, his claims would still be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court explained that a prisoner may not bring a federal civil rights claim if a finding in his favor on

---

[6]  The United States Supreme Court has held: "[I]n the absence of consent a suit in which the State ... is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984) (citations omitted). The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 281 (5th Cir. 2002) (quotation marks and citations omitted).

that claim would necessarily imply the invalidity of an outstanding criminal conviction or sentence. The Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted).

Because plaintiff's claims clearly challenge the validity of his conviction, and because success on his claims in this Court would necessarily imply the invalidity of that state conviction, Heck would bar his § 1983 claims until such time as the conviction has been invalidated in an appropriate state or federal proceeding. Claims barred by Heck are legally frivolous. Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims against the State of Louisiana be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this twenty-ninth day of April, 2011.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.